Colonel John R. Bailey, Director Arkansas State Police #1 State Police Plaza Drive Little Rock, Arkansas 72209
Dear Colonel Bailey:
This is in response to your request for an opinion concerning the Arkansas concealed handgun law, A.C.A. § 5-73-301 et seq. In light of legislation enacted in 1997 regarding reciprocity with other states, you have presented the following questions:
 1. Would a person who holds a concealed weapons license from a state with which we have a reciprocal agreement have to wait one year after moving to Arkansas to obtain an Arkansas Concealed Weapons License as prescribed in A.C.A. § 5-73-309(a)(1)(A)?
 2. Would it be possible to waive the training requirement if a person could be immediately licensed in the State of Arkansas?
It is my opinion that the answer to your first question is "no," and the answer to your second question is "yes."
Under A.C.A. § 5-73-309 (Repl. 1997), the Director of the Arkansas State Police shall issue a license to carry a concealed handgun if the applicant satisfies the requirements in either A.C.A. § 5-73-309(a) or
A.C.A. § 5-73-309(b). The requirements set out in A.C.A. § 5-73-309(a) include:
 (1)(A) Is a resident of the state and has been a resident continuously for twelve (12) months or longer immediately preceding the filing of the application.
* * *
 (11) Has satisfactorily completed a training course as prescribed and approved by the director[.] . . .
As an alternative method, A.C.A. § 5-73-309(b) provides that the director shall issue a license if the applicant:
 (b) Is a person who has a valid license to carry a concealed handgun issued by another state and the director determines, without requiring the person to meet the eligibility or fee requirements, that:
 (1) The eligibility requirements to obtain a license to carry a concealed handgun imposed by the other state are at least as rigorous as the eligibility requirements imposed by this section; and
 (2) The other state provides reciprocal licensing privileges to a person who holds a license issued under this subchapter and who has applied for a license to carry a concealed handgun in the other state.
Thus, it is my opinion that if the requirements of A.C.A. 5-73-309(b)(1) and (b)(2) are satisfied, a person who has a valid license to carry a concealed handgun issued by another state need not meet the eligibility requirements that are set out in A.C.A. § 5-73-309(a), which include being a resident of the state for one year and completion of a training course.[1]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] Although you refer to Act 789 of 1997 in your letter, it is my opinion that Act 789 is not controlling. Act 789 provides that concealed handgun licenses issued by a state, which recognizes Arkansas' concealed handgun licenses and which has a concealed handgun law at least as restrictive as Arkansas' concealed handgun law, shall be valid in this state. See also Act 1239 of 1997, § 13. In my opinion, Act 789 governs the validity of a foreign state's license in Arkansas rather than the issuance of an Arkansas license.